UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Cristian Ernesto AVALOS-SORIANO, | Case No.: 25-cv-3797-AGS-MMP |
|---|---|
| Petitioner, | **ORDER REQUIRING RESPONSE AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF 2)** |
| v. | |
| Jeremy CASEY, et al., | |
| Respondents. | |

Petitioner Christian Avalos-Soriano seeks emergency injunctive relief and a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Avalos-Soriano, a "citizen of El Salvador," claims that he has been granted a "Special Immigrant Juvenile visa," that he has "Deferred Action Status," and that he "is a member of a protected class [that] cannot be removed from the United States until [the U.S. Customs and Immigration Service] adjudicates his asylum application." (ECF 1, at 4–5.) Notwithstanding all that, he has been "in immigration detention since November 24, 2025." (*Id.* at 4.) He alleges that he was arrested due to an "*in-absentia* removal order" arising from an immigration hearing he accidentally missed. (*Id.* at 5–6.) He then filed a "motion to reopen," which was repeatedly rejected due to counsel's "legal assistant inadvertently le[aving] off the final zero of counsel's [Executive Office for Immigration Review]

number." (*Id.* at 6.) Eventually, though, an Immigration Judge denied the motion to reopen. (*Id*. at 7.) An appeal, including a claim for "ineffective assistance" of counsel, is pending. (*Id*.) Despite that history, he asserts that his detention runs afoul of the "Special Immigrant Juvenile" "safeguards," breaches a settlement agreement he claims to be a member of so long as "his asylum application is pending," and violates his "Due Process" rights. (ECF 1, at 17–18 (citing *J.O.P. v. U.S. Department of Homeland Security*, No. 8:2019-cv-1944-SAG (D. Md. Nov. 25, 2024)).)

This challenge has sufficient potential merit to warrant a response. *See Singh v. Wofford*, No. 1:25-CV-01825-DJC-CKD, 2025 WL 3677322, at *2 (E.D. Cal. Dec. 18, 2025) (finding similar claims have "a likelihood of success on the merits" and collecting other similar successful cases).

Petitioner's request for emergency injunctive relief, on the other hand, is denied. A temporary restraining order, like all injunctive relief, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). Avalos-Soriano would need to clearly demonstrate, among other things, that "he is likely to succeed on the merits." *Id.* at 20. While his allegations clear the low bar of having "any potential merit" for screening purposes, as described above, he has not met the much higher standard for a temporary restraining order. Fatally, he offered no evidence at all in support of his allegations. (*See generally* ECF 1 (discussing and citing to hundreds of pages of exhibits not actually attached); ECF 2 (same).) But even if there weren't evidentiary issues, Avalos-Soriano's unique circumstances—including his *in absentia* removal order and the denial of his motion to reopen that order—sufficiently distinguish him from successful petitioners on these sort of claims to fall short of the necessary "clear showing." *See Winter*, 555 U.S. at 22.

1    So, by **January 13**, **2026**, respondents must answer the petition. Any reply by
2    petitioner must be filed by **January 20, 2026**. The Court will hold oral arguments on the
3    petition on **January 27, 2026, at 4:00 p.m.**
4    Dated:  December 30, 2025

Hon. Andrew G. Schopler
United States District Judge